UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

HECTOR ENRIQUE GUZMAN DE LA CRUZ,
Petitioner,

v.

TODD BLANCHE, et al.,
Respondents.

Case No.: 26-CV-4268 JLS (BJW)

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Petitioner Hector Enrique Guzman De La Cruz's Petition for Writ of Habeas Corpus ("Pet.," ECF No. 1). Also before the Court are Respondents' Return ("Ret.," ECF No. 4) and Petitioner's Traverse ("Traverse," ECF No. 5). The Court also ordered the transcript from the June 16, 2026, bond hearing (ECF No. 6), which Respondents provided ("Tr.," ECF No. 7).

Petitioner, a citizen of the Dominican Republic, entered the United States on or about January 1, 2021, on a non-immigrant visa, which has since expired. Ret. at 2. Petitioner resided in Florida with his wife and U.S. citizen child until April 14, 2026, when he was arrested for a DUI and transferred into Immigration and Customs Enforcement ("ICE") custody. Pet. ¶ 1; Ret. at 2. Petitioner was given a bond hearing pursuant to 8 U.S.C. § 1226(a) on June 16, 2026. Ret. at 2. Bond was denied by an immigration judge ("IJ") who

found Petitioner to be a danger to the community and a risk of flight. Pet. ¶ 28. Petitioner now challenges the denial of his bond, arguing that the IJ applied the incorrect standard. *Id.* ¶¶ 35–41.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit found that "[i]f at [the § 1226(a) hearing] the detainee demonstrates by the preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk,' the IJ will order his release." 53 F.4th 1189, 1197 (9th Cir. 2022) (citations omitted). At the June 16 hearing, the IJ twice stated that the burden was on the non-citizen to demonstrate "by clear and convincing evidence" that he is not a flight risk or danger to the community. Tr. at 4:7–8 ("[T]he respondent in this case has the burden to show by clear and convincing evidence that they are not a risk of flight or danger to the community."); 19:16–18 ("We are here for a bond redetermination request where the respondent has the burden to show, by clear and convincing evidence, that they are not a danger to the community or risk of flight.").[1]

"Federal courts . . . have jurisdiction to review whether the agency properly applied the burden of proof." *Cano v. LaRose*, No. 25-CV-3334-DMS-KSC, 2026 WL 1912081, at *1 (S.D. Cal. July 2, 2026) (citing *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024)). Here, the Court finds that the IJ explicitly applied the incorrect burden of proof at the bond hearing. A bond hearing under 8 U.S.C. § 1226(a) places the burden on the non-citizen to demonstrate *by a preponderance of the evidence* that they are not a danger to the community or a flight risk. *See Rodriguez Diaz*, 53 F.4th at 1197. The IJ stated twice that Petitioner bore the burden to demonstrate by *clear and convincing evidence* that he was not a danger to the community or a flight risk. Therefore, the Court finds that the IJ applied the incorrect burden of proof and **GRANTS IN PART** Petitioner's Petition for Writ of

[1] The "Respondent" in immigration custody redetermination hearings is the non-citizen.

Habeas Corpus.[2] *See Mendez v. Casey*, No. 26-CV-3196 JLS (DEB), 2026 WL 1763838, at *1 (S.D. Cal. June 18, 2026) (ordering a second bond hearing when the IJ applied the clear and convincing standard instead of the preponderance of the evidence standard).

The Court **ORDERS** the Government to provide Petitioner with a second individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days, unless Petitioner, the non-citizen, requests a continuance. Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. The non-citizen bears the burden of demonstrating, by a **preponderance of the evidence**, that they are not a danger to the community or a flight risk. *See Rodriguez Diaz*, 53 F.4th at 1197. The Parties **SHALL FILE** a status report informing the Court of the outcome of the hearing or informing the Court of Petitioner's request for a continuance by **September 18, 2026**. The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: August 27, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge

---

[2] The Court denies the Motion in so far as it requests release. If Petitioner is denied bond, Petitioner can later challenge the sufficiency of the second bond hearing. *See Singh v. LaRose*, No. 26-CV-1425 JLS (GC), 2026 WL 1387428 (S.D. Cal. May 18, 2026).